**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MARY SHERMAN,

               Plaintiff,

    v.

BANK OF AMERICA
CORPORATION,

             Defendant.

CIVIL ACTION FILE NO.

1:12-cv-03089-CC-RGV

**MAGISTRATE JUDGE'S NON-FINAL REPORT,
RECOMMENDATION, AND ORDER**

Defendant Bank of America Corporation ("defendant") moves to dismiss this action for failure to state a claim upon which relief can be granted.[1]  [Doc. 2].  Mary Sherman ("plaintiff"), who is proceeding *pro se*, has responded to the motion.[2]  [Doc.

---

[1] Defendant also asserts that it is an improper party to this action as it "is a holding company and does not make, hold, or service loans of any kind," and "reserves the right to contest their inclusion in this suit as an improper party."  [Doc. 2 at 1. n.1].  The document and page numbers listed in citations to the record refer to the documents and pages listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Plaintiff's response, [Doc. 5], was not timely filed, having been submitted on October 5, 2012, more than three weeks after defendant filed its motion to dismiss.  See LR 7.1B, NDGa. (requiring that "[a]ny party opposing a motion shall serve the party's responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion").  The Court could disregard plaintiff's untimely response, see LR 7.1F, NDGa., but in light of plaintiff's *pro se* status and since defendant has not objected to the untimely filing, the Court will consider plaintiff's response, see Parks v. Doan, Civil Action No. 1:06-CV-1885-TWT, 2008 WL 660321, at *2 n.4 (N.D. Ga. Mar. 4, 2008), adopted at *1; Craven v.

5].  For the following reasons, it is **RECOMMENDED** that defendant's motion to dismiss, [Doc. 2], be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as a shotgun complaint.[3]

## I. BACKGROUND

On August 3, 2012, plaintiff filed the instant complaint in the State Court of Fulton County, Georgia.  See [Doc. 1 -1].  Defendant then removed the action to this Court on September 5, 2012, asserting both federal question jurisdiction and diversity jurisdiction.  See [Doc. 1].

---

United States, 70 F. Supp. 2d 1323, 1327-28 (N.D. Ga. 1999).  However, plaintiff's response includes improper assertions of new factual allegations and claims which the Court will not take into account when evaluating defendant's motion to dismiss, and will instead address the facts and allegations as pled in plaintiff's complaint. See generally [Doc. 5]; see also Brown v. J.P. Turner & Co., Civil Action No. 1:09-CV-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (citations omitted) (noting that it is "plainly inappropriate" to raise allegations for the first time in response to a motion to dismiss); Oginsky v. Paragon Props. of Costa Rica LLC, 784 F. Supp. 2d 1353, 1368 (S.D. Fla. 2011); Cooley v. Bd. of Sch. Comm'rs of Mobile Cnty., Ala., Civil Action No. 07-0822-KD-M, 2009 WL 424593, at *9 (S.D. Fla. 2009) (citations omitted) ("Plaintiff cannot amend her complaint to add a new cause of action in her response to the [motion to dismiss]"); see also George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002) (noting that when evaluating a motion to dismiss "[t]he scope of the review must be limited to the four corners of the complaint"); Malowney v. Fed. Collection Deposit Grp. 193 F.3d 1342, 1347 n.5 (11th Cir. 1999).

   [3] Defendant also moves the Court for an Order staying the pretrial deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. [Doc. 4].  For good cause shown, defendant's motion to stay, [Doc. 4], is **GRANTED** and the parties' obligations under the Federal and Local Rules are stayed pending the District Court's review of this Report and Recommendation on defendant's motions to dismiss.

In her complaint, plaintiff alleges:

> The Defendant subjected the Plaintiff to illegal debt collection activities and practices.  The Plaintiff claims the Defendant is in violation of the Bankruptcy Discharge Injunction.  The Plaintiff claims the Defendant is in violation of the Fair Debt Collection Practices Act [("FDCPA"), 15 U.S.C. § 1692 et seq.].  The plaintiff claims the defendant is in Contempt of Court.

[Doc. 1-1 at 3 ¶ 2].  Plaintiff asks for "judgment in the amount of $103,228.00, plus costs."  [Id. at 3 ¶ 3].

## II. DISCUSSION

### A.  Federal Jurisdiction

As a preliminary matter, the Court must determine whether it has jurisdiction over the matter removed.  Bank of N.Y. v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1. "'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (alterations in original) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules

of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1 (citations omitted); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of

4

the plaintiff's properly pleaded complaint." <u>Wilson</u>, 2008 WL 544741, at *1 (<u>quoting</u> <u>Caterpillar</u>, 482 U.S. at 392) (internal marks omitted).   Under the well-pleaded complaint rule, "the plaintiff is 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" <u>Id.</u> (<u>quoting Caterpillar</u>, 482 U.S. at 392).  "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted).  Defendant has asserted that jurisdiction is appropriate on the basis of both federal question jurisdiction and diversity jurisdiction.  [Doc. 1 at 3-6 ¶¶ 7-16].

> 1. *Federal Question*

In support of federal question jurisdiction, defendant cites the fact that plaintiff alleges violations of the Bankruptcy Code, codified at Title 11 of the U.S.C., and the FDCPA.  [Doc. 1 at 3 ¶ 7]; <u>see also</u> [Doc. 1-1 at 3 ¶ 2].  Federal question jurisdiction, therefore, is at this point sufficient to support removal as it appears that plaintiff relies, at least in part, on federal statutory claims.  <u>See Martin v. Citimortgage, Inc.</u>, Civil Action No. 1:09-cv-03410-JOF, 2010 WL 1780076, at *3 (N.D. Ga. May 4, 2010).

### 2.    *Diversity*

Defendants also assert that diversity jurisdiction is proper because "Plaintiff and the Removing Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs." [Doc. 1 at 4-5 ¶ 11]; see also [id. at 5 ¶ 12 (asserting that plaintiff is a Georgia resident); Doc. 1-1 at 3 ¶ 3 (plaintiff seeking $103,228.00 in damages); Doc. 1-2 at 2 (alleging plaintiff is a Georgia resident and that defendant is incorporated and has its principal place of business in another state)]; cf. Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) (citation omitted) (noting that a corporation is considered a citizen of its state of incorporation and its principal place of business and holding that a bank is a citizen of the state in which it maintains its main office).  Defendant has therefore also established diversity jurisdiction, and the Court may properly rule on defendant's motion to dismiss.

### B.    Merits of Defendant's Motion

Defendant moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim upon which relief can be granted.  [Doc. 2].  To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570; see also Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)) ("Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'").[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that

---

[4] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

556 U.S. at 678-79 (last alteration in original) (citations and internal marks omitted).

"Under the *Twombly* standard, a plaintiff must allege enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. Moe Dreams, LLC v. Sprock, Civil Action No. 1:08-CV-0196-RWS, 2008 WL 4787493, at *9 (N.D. Ga. Oct. 27, 2008) (alteration in original) (citation and internal marks omitted). Indeed, a complaint should not consist of vague and conclusory allegations, but should clearly state a cause of action and how the named defendant is involved in the alleged claim. See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1. Plaintiff's complaint, however, "is devoid of any factual allegations regarding [d]efendant['s] conduct," Huff v. W. Haven Bd. of Educ., 10 F. Supp. 2d 117, 123 (D. Conn. 1998), and as a result has failed to put defendant on notice of its alleged misconduct, see Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; see also [Doc. 1-1 at 3].

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (per

8

curiam) (unpublished) (citation omitted).  Shotgun pleadings have been repeatedly condemned by the Eleventh Circuit, see Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); see also Bailey v. Janssen Pharm., Inc., 288 F. App'x 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008), and are "in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure," Magluta, 256 F.3d at 1284 (citation omitted).  Indeed, "[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice."  Martinez v. City of Orlando, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 (citation and internal marks omitted); see also Giscombe v. ABN Amro Mortg. Grp., Inc., 680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).

"[A] defendant faced with a shotgun complaint is not expected to frame a responsive pleading."  McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009); see also Beckwith, 146 F. App'x at 372 (alteration in original) (citation omitted) ("We do not require the district court, or the defendants to 'sift through the facts presented and

decide for [itself] which were material to the particular cause of action asserted.'"). Because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rule[] 8 . . . of the Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.  Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at *4 (M.D. Fla. Dec. 29, 2009); see also Davis, 516 F.3d at 983-84; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 & n.5 (11th Cir. 1996).

While plaintiff's complaint is due to be dismissed as a shotgun pleading, it is **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** in view of plaintiff's *pro se* status, and in light of Eleventh Circuit precedent,[5] and that plaintiff be afforded fourteen (14) days from the date of the District Court's ruling on this Report and Recommendation to file an amended complaint that complies with Rules 8 and 10[6] of the Federal Rules of Civil Procedure.  If the District Court

---

[5] The Eleventh Circuit has held that where it appears that a more carefully drafted complaint might state a claim upon which relief could be granted, a district court should not dismiss with prejudice a *pro se* complaint even if the plaintiff has not requested leave to amend without giving the plaintiff at least once chance to amend the complaint.  Spear v. Nix, 215 F. App'x 896, 902 (11th Cir. 2007) (per curiam) (unpublished).

[6] Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . [E]ach claim founded on a separate transaction or occurrence .

provides plaintiff an opportunity to file a properly amended complaint consistent

with the District Court's ruling on the claims presented, and plaintiff fails to do so,

the undersigned then **RECOMMENDS** that plaintiff's complaint be dismissed with

prejudice since the current complaint is a shotgun pleading.  See Giscombe, 680 F.

Supp. 2d at 1382 (dismissing shotgun pleading after affording plaintiff an

opportunity to file amended complaint); Hall v. RTM Rest. Grp., S.E., No. Civ.A.

105CV2251CAP, 2006 WL 83428, at *3-4 (N.D. Ga. Jan. 11, 2006) (allowing plaintiff

to amend complaint to address deficiencies and allege specific facts showing

entitlement to relief, and holding that failure to amend would result in

recommendation to dismiss counts failing to state claims); Holmes v. City of E.

Point, No. Civ. A. 105CV2921MHS, 2005 WL 3478375, at *5 (N.D. Ga. Dec. 20, 2005)

(permitting plaintiff, who did not file a motion to amend, request leave to amend,

or respond to defendants' motion to dismiss, to file an amended complaint within

30 days, and holding that if plaintiff failed to do so, the court would dismiss with

prejudice plaintiff's claims); see also Guimaraes v. NORS, No. 07-20592-CIV, 2008

---

. . must be stated in a separate count . . ."  Fed. R. Civ. P. 10(b).  "'These rules work
together to require the pleader to present his claims discretely and succinctly, so that
[her] adversary can discern what he is claiming and frame a responsive pleading
[and so that] the court can determine which facts support which claims and whether
the plaintiff has stated any claims upon which relief can be granted. . . .'"  Malally
v. BAC Home Loan Servicing, LLC, Civil Action File No. 3:10-CV-0074-JTC-JFK,
2010 WL 5140626, at *5 (N.D. Ga. Oct. 8, 2010), adopted by 2010 WL 5140031, at *1
(N.D. Ga. Dec. 13, 2010) (quoting Davis, 516 F.3d at 980 n.57).

WL 4186970, at *5-6 (S.D. Fla. Sept. 5, 2008) (allowing *pro se* plaintiff to re-file an amended complaint that complied with the Federal Rules of Civil Procedure and court's instructions, and holding that complaint would be dismissed with prejudice if plaintiff failed to comply within two weeks); Taylor v. Alvarez, No. 07-23003-CIV, 2008 WL 1840719, at *5 (S.D. Fla. Apr. 21, 2008) (dismissing without prejudice plaintiff's claims on defendants' motion to dismiss, but giving plaintiff two weeks to amend complaint, and holding that if plaintiff failed to do so, court would dismiss case with prejudice).

### III. CONCLUSION

For the reasons stated, defendant's motions to stay, [Doc. 4], is **GRANTED**, and it is hereby **RECOMMENDED** that defendant's motion to dismiss, [Doc. 2], be **GRANTED** and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as a shotgun complaint, and that plaintiff be granted fourteen (14) days to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Should the District Court adopt this recommendation and plaintiff fails to timely amend her complaint or to comply with the Federal Rules of Civil Procedure,[7] it is **RECOMMENDED** that her complaint be dismissed with prejudice.

---

[7] Plaintiff is admonished that should she be granted an opportunity to amend her complaint and she files another shotgun complaint, the Court will "consider [her] failure to submit an adequate pleading willful and in bad faith and [will] accordingly impose sanctions, including [recommending] dismissal of [her]

**IT IS SO ORDERED** and **RECOMMENDED** this 11th day of December, 2012.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

complaint." <u>Giscombe</u>, 680 F. Supp. 2d at 1382 (footnote omitted).