# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

MARY SHERMAN,

        Plaintiff,

   v.

BANK OF AMERICA
CORPORATION,

       Defendant.

CIVIL ACTION FILE NO.

1:12-cv-03089-CC-RGV

## MAGISTRATE JUDGE'S FINAL REPORT, RECOMMENDATION, AND ORDER

This matter is before the Court on defendant Bank of America Corporation's ("BoA") motion to dismiss the amended complaint of *pro se* plaintiff Mary Sherman ("Sherman"). [Doc. 18].[1]  Sherman has not filed a response to the motion to dismiss, and the motion, [id.], is therefore deemed unopposed.  See LR 7.1B, NDGa.  Also pending before the Court are Sherman's motion to add defendants and for a temporary restraining order ("TRO").  [Doc. 17].  For the reasons that follow, Sherman's motion to add defendants, [id.], is **DENIED**, and it is **RECOMMENDED** that the motion for a TRO, [id.], be **DENIED** and that BoA's motion to dismiss, [Doc. 18], be **GRANTED**.

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sherman initially filed this action in the State Court of Fulton County, see [Doc. 1-1], and BoA properly removed the action to this Court on September 5, 2012, on grounds of federal question jurisdiction and diversity jurisdiction.[2] See [Doc. 1; Doc. 6 at 2-6]; see also 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.  BoA subsequently moved to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Doc. 2], and the undersigned issued a Non-Final Report and Recommendation ("R&R"), recommending that BoA's motion to dismiss be granted and that Sherman's complaint be dismissed without prejudice, [Doc. 6].  On March 27, 2014, the Honorable Clarence Cooper, Senior United States District Judge for the Northern District of Georgia, entered an Order adopting the R&R and dismissing Sherman's complaint without prejudice as an impermissible shotgun pleading.  [Doc. 15].  Sherman was granted 14 days from the date of the Order to file an amended complaint that complied with Rules 8 and 10 of the Federal Rules of Civil Procedure.  [Id. at 3].  Sherman was also admonished that if she failed to file

---

[2] The factual background is taken from the pleadings and does not constitute findings of fact by the Court.

the amended complaint within the time allowed, her complaint would be dismissed with prejudice. [Id.].[3]

Sherman filed her amended complaint on April 8, 2014, [Doc. 16], apparently alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., [id. at 1-2], and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., [id. at 1-2, 6], as well as "wrongful foreclosure practices" under Georgia law, [id. at 2-4]. Sherman also appears to assert that BoA failed to comply with an unidentified bankruptcy discharge injunction, in violation of 11 U.S.C. § 524. [Id. at 1-3, 5]. Sherman has included in the amended complaint a motion to add defendants, [id. at 1-2]; see also [Doc. 17], and a motion for a TRO, [Doc. 16 at 1-2, 6]; see also [Doc. 17], and she seeks "relief in the amount of $103,228.00," in addition to costs and punitive damages, [Doc. 16 at 6]. On April 17, 2014, BoA filed the pending motion to dismiss Sherman's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [Doc. 18], arguing that the amended complaint is a shotgun pleading which fails to comply with the notice pleading

---

[3] Similarly, in the R&R that recommended dismissal of the original complaint, the undersigned advised Sherman that if she should file another shotgun complaint after being granted an opportunity to amend, the "Court [would] consider [her] failure to submit an adequate pleading willful and in bad faith and [would] accordingly impose sanctions, including [recommending] dismissal of [her] complaint" with prejudice. [Doc. 6 at 12-13 n.7 (second, fourth, and fifth alterations in original) (citation and internal marks omitted)].

required under Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief can be granted, [id.].  Because the Court's consideration of Sherman's motions for a TRO and to add defendants relates to the merits of Sherman's discernible claims, see Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam); Siebert v. Allen, 506 F.3d 1047, 1049 (11th Cir. 2007) (per curiam), the Court will first address BoA's motion to dismiss for failure to state a claim.

## II.  STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court must accept Sherman's allegations as true and construe the complaint in Sherman's favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).[4]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

---

[4] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.  If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.'" Id. (alteration in original) (footnote omitted) (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)) .  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City

does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of h[er] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal marks omitted).

Furthermore, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).[5] "Factual allegations must be enough to raise a right to relief above the speculative level," Twombly, 550 U.S. at 555 (citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5] Rule 10(b) of the Federal Rules of Civil Procedure also requires that the allegations of a claim "be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and] [e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b).

alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>citing</u> <u>Twombly</u>, 550 U.S. at

556). The Supreme Court in <u>Iqbal</u> held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

556 U.S. at 678-79 (last alteration in original) (citations and internal marks omitted).

Additionally, although *pro se* pleadings are governed by less stringent

standards than pleadings prepared by attorneys, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519,

520 (1972); <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per

curiam), *pro se* parties are still required to comply with minimum pleading

standards set forth in the Federal Rules of Civil Procedure and this District's Local

Rules, <u>Grew v. Hopper</u>, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D.

Fla. Jan. 9, 2008); <u>see also</u> <u>Beckwith v. Bellsouth Telecomms., Inc.</u>, 146 F. App'x 368,

371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (noting that

although they are construed liberally, " *pro se* complaints also must comply with the

procedural rules that govern pleadings").

6

# III.  DISCUSSION

As noted above, BoA argues that Sherman's amended complaint is due be dismissed as an impermissible shotgun pleading that also fails to state a plausible claim to relief in conformity with Rule 8 of the Federal Rules of Civil Procedure.  <u>See generally</u> [Doc. 18].  The Court will consider each of BoA's arguments in turn.

## A.   Shotgun Pleading

BoA asserts that the "[a]mended [c]omplaint is comprised almost exclusively of irrelevant factual allegations and purported legal conclusions that do not identify the alleged activity that forms the basis for [Sherman's] claims."  [Doc. 18-1 at 8].  As a result of these deficiencies, BoA argues that the amended complaint is a shotgun pleading that does not provide "reasonable notice of the legitimate substance of the dispute, the allegations made against [BoA], or the relief sought for the alleged wrongdoings," leaving BoA "to sift through the multitude of unorganized paragraphs of often rambling and incomprehensible allegations to determine those that might relate in some way to each claim for relief."  [<u>Id.</u> at 3, 8].  The Court agrees that Sherman's amended complaint "is a quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly."  <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam); <u>see also</u> <u>Bailey v. Janssen Pharm., Inc.</u>, 288 F. App'x 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); <u>Davis v. Coca-</u>

Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) (footnote omitted) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . ."). "It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." Magluta, 256 F.3d at 1284 (citation omitted). Indeed, "[e]ven under Fed.R.Civ.P. 8(a)'s notice pleading provision and the liberal interpretation given to *pro se* pleadings, a complaint must include allegations respecting all material elements of all claims asserted; bare legal conclusions attached to a narrative of facts will not suffice." Martinez v. City of Orlando, No. 6:09-cv-802-Orl-22GJK, 2009 WL 3048486, at *5 (M.D. Fla. Sept. 21, 2009), adopted at *2 (citation and internal marks omitted); see also Giscombe v. ABN Amro Mortg. Grp., Inc., 680 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).

Like the original complaint, the amended complaint is replete with unsupported "factual allegations and rambling legal conclusions," Graham v. Mortg. Elec. Registration Sys., Inc., Civil Action No. 2:11–CV–00253–RWS, 2012 WL 527665, at *1 (N.D. Ga. Feb. 17, 2012) (citation and internal marks omitted), and "because of the disjointed manner in which [the amended] [c]omplaint is drafted, it is difficult to decipher what are [Sherman's] claims," Hayes v. Bank of N.Y. Mellon, Civil Action No. 1:12–CV–2601–TWT–LTW, 2013 WL 504923, at *4 (N.D. Ga.

Jan. 18, 2013), adopted by 2013 WL 489145, at *1 (N.D. Ga. Feb. 8, 2013). Indeed, the amended complaint "is full of vague and conclusory allegations that make it difficult for the Court to understand the claims [Sherman] is asserting and the factual bases that underlie them," and the Court "has no doubt that the state of this [c]omplaint made it difficult for [BoA] to put forward [its] defense." Wilson v. JP Morgan Chase Bank, N.A., Civil Action No. 2:11–CV–00135–RWS, 2012 WL 603595, at *3 (N.D. Ga. Feb. 24, 2012); see also Graham, 2012 WL 527665, at *2.

In the R&R that recommended dismissal of the original complaint, the Court put Sherman on notice of the deficiencies in her original complaint and specifically admonished her that her failure to file an amended complaint complying with Rules 8 and 10 of the Federal Rules of Civil Procedure would result in a recommendation that her case be dismissed. See [Doc. 6 at 10-12, 12 n.7]. These points were reiterated to Sherman in the Court's Order of March 27, 2014, in which Judge Cooper adopted the R&R and noted that Sherman's complaint was "a classic shotgun pleading" that failed to state a claim to relief. [Doc. 15 at 3]. However, rather than curing these deficiencies by articulating her claims "with sufficient clarity to allow [BoA] to frame a responsive pleading," Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted), Sherman has only compounded the infirmities of the original complaint by inserting nine additional

paragraphs of rambling and largely unintelligible allegations, interspersed with unsubstantiated legal conclusions that are not tied to any particular cause of action, thus making it even more "difficult for [BoA] to meaningfully respond to [her] assertions," Butticaz v. JPMorgan Chase, Nat'l Ass'n, Civil Action No. 1:11-CV-2483-RWS, 2011 WL 6296589, at *2 (N.D. Ga. Dec. 15, 2011); compare [Doc. 1-1 at 3] with [Doc. 17].

Accordingly, because Sherman has failed to comply with the Court's March 27 Order, see Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citation omitted) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)), and because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rules 8 and 10[ of the] Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," Roundtree v. Countrywide Home Loans, Inc., No. 3:09–cv–189–J–32TEM, 2009 WL 5215334, at *4 (M.D. Fla. Dec. 29, 2009), it is **RECOMMENDED** that Sherman's amended complaint, [Doc. 16], be **DISMISSED**. See Davis, 516 F.3d at 983-84; Hall v. Crestmark Club, No. 1:07-cv-0715-WSD-JFK, 2008 WL 187517, at *2 (N.D. Ga. Jan. 18, 2008), adopted at *1 (dismissing complaint where *pro se* plaintiff failed to comply with lawful orders of the court as well as the Local Rules after being advised of the consequences,

including dismissal, for failure to comply).  Nevertheless, since BoA has also moved to dismiss the amended complaint on its merits, the Court will address Sherman's discernable claims.  See Wilson, 2012 WL 603595, at *3.

**B.   Merits of Sherman's Discernible Claims**

The amended complaint refers to purported violations of the FDCPA, [Doc. 16 at 1-2], and RESPA, [id. at 1-2, 6], as well as unspecified "wrongful foreclosure practices," [id. at 2-3].  Sherman also appears to allege that BoA is liable for a "willful violation of [] 11 U.S.C. § 524" for failure to abide by a bankruptcy discharge injunction.  [Id. at 1-3, 5].  BoA asserts that Sherman's claims are "either incognizable as a matter of law," or else "suffer from a dearth of supporting factual allegations," and that the amended complaint therefore "fails as a matter of law and should be dismissed[.]"  [Doc. 18-1 at 3].

**1.   *FDCPA Claim***

Sherman appears to assert that BoA violated the FDCPA by falsely informing her that she had defaulted on her mortgage loan.  See [Doc. 16 at 4 (emphasis and internal marks omitted) (alleging that BoA "mailed Notices of Default . . . indicating [that] . . . [the] default . . . could result in acceleration of all sums due under the note . . ., where no payment default existed")].  The purpose of the FDCPA is "'to eliminate abusive debt collection practices by debt collectors, to insure that those

debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011) (quoting 15 U.S.C. § 1692(e)). "Thus, to prevail on a claim under the FDCPA, a plaintiff must show, among other things, that the defendant was a debt collector as defined by the FDCPA and that the challenged conduct is related to debt collection." Anderson v. Deutsche Bank Nat'l Trust Co., Civil Action No. 1:11-cv-4091-TWT-ECS, 2012 WL 3756512, at *3 (N.D. Ga. Aug. 6, 2012), adopted by 2012 WL 3756435, at *1 (N.D. Ga. Aug. 27, 2012) (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (per curiam)).

Under the FDCPA, "[t]he term 'debt collector' does not include . . . any person collecting or attempting to collect any debt to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F)(iii); see also Bates v. Novastar/Nationstar Mortg. LLC, Civil Action File No. 1:08-CV-1443-TWT, 2008 WL 2622810, at *6 (N.D. Ga. June 24, 2008), adopted at *1. "Thus, a consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors' so long as the debt was *not* in default at the time it was assigned." Anderson, 2012 WL 3756512, at *3 (citations omitted). Sherman does not allege that her loan was assigned to BoA after she had

already defaulted on her loan obligation, see generally [Doc. 16]; to the contrary,

Sherman denies that a default ever existed, see [id. at 2, 4].  As Sherman has not

alleged that any assignment occurred after she defaulted on the loan, she has failed

to allege that BoA is a debt collector within the meaning of the FDCPA.

Furthermore, to the extent Sherman is complaining of activity related to a

foreclosure, see [id. at 2-3 (alleging "wrongful foreclosure practices" and an

unsubstantiated "record of foreclosure sale")], the Eleventh Circuit has held that

"foreclosing on a mortgage is not debt collection activity for purposes of the

FDCPA," Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir.

2009) (per curiam) (unpublished) (citations and internal marks omitted); see also id.

(second and third alterations in original) (citations omitted) ("[A]n enforcer of a

security interest, such as a [mortgage company] foreclosing on mortgages of real

property . . . falls outside the ambit of the FDCPA . . . .").[6]  Since Sherman has

asserted only vague and conclusory allegations relating to the FDCPA, and "since

foreclosing on a home is not debt collection for purposes of § 1692g," see Warren,

342 F. App'x at 461, she has failed to state a claim upon which relief can be granted,

_____

[6] Under certain circumstances, collection efforts related to foreclosure activity
may constitute debt collection in violation of 15 U.S.C. §§ 1692e and f(6), see Shoup
v. McCurdy & Candler, LLC, 465 F. App'x 882, 884-85 (11th Cir. 2012) (per curiam)
(unpublished); Warren, 342 F. App'x at 461, but Sherman does not allege violations
under those provisions, nor has she pled any facts that would render such
allegations plausible, see generally [Doc. 16].

and it is therefore **RECOMMENDED** that Sherman's FDCPA claim be **DISMISSED**,
see Anderson, 2012 WL 3756512, at *3 (footnote omitted) (citing Lacosta v. McCalla
Raymer, LLC, Civil Action No. 1:10-CV-1171-RWS, 2011 WL 166902, at *6 (N.D. Ga.
Jan. 18, 2011)).[7]

### 2.    *RESPA Claim*

Sherman also makes vague references to a purported RESPA violation,
apparently based on BoA's failure to respond to several qualified written requests
("QWR").  [Doc. 16 at 2, 4].  Although the amended complaint does not include
sufficient facts to determine which provision of the RESPA was allegedly violated,
see generally [Doc. 16], Sherman's allegations may be liberally construed as an
attempt to bring a claim under 12 U.S.C. § 2605(e), which governs the response of
loan servicers to QWRs for information, see [Doc. 16 at 2 (apparently alleging that
BoA "disregarded" her QWRs "to correct account errors" on various dates)].
However, Sherman fails to state a valid claim for relief under § 2605(e), since she
does not allege that she sent a QWR "to the address provided by [BoA] for receipt
of such inquiries, or the manner by which [she] knows [BoA] received the QWR."
Malally v. BAC Home Loan Servicing, LLC, Civil Action File No. 3:10-CV-0074-JTC-

---

[7] Also, to the extent Sherman's request for injunctive relief is based on her
FDCPA claim, "equitable relief is not available in private actions under the FDCPA."
Hennington v. Greenpoint Mortg. Funding, Inc., Civil Action Nos.
1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15,
2009) (citation omitted).

JFK, 2010 WL 5140626, at *8-9 (N.D. Ga. Oct. 8, 2010), adopted by 2010 WL 5140031, at *1 (N.D. Ga. Dec. 13, 2010).  Nor has Sherman alleged that the purported QWR met the statutory elements of  12 U.S.C. § 2605(e)(1)(B), or that she incurred actual damages as a result of any alleged violations by BoA.  See Habib v. Bank of Am. Corp., Civil Action No. 1:10–cv–04079–SCJ–RGV, 2011 WL 2580971, at *3-4 (N.D. Ga. Mar. 15, 2011), adopted by 2011 WL 2580780, at *1 (N.D. Ga. June 29, 2011) (citations omitted) (dismissing RESPA claims based on failure to respond to QWR where complaint did not "allege that the QWR was properly drafted according to the requirements of RESPA[,]" or even "identify that the claim is premised on a RESPA violation," and where plaintiff failed to allege that breach of RESPA was causally related to any actual damages).[8]  Accordingly, Sherman has failed to state a claim against BoA under the RESPA, and it is therefore **RECOMMENDED** that Sherman's RESPA claim be **DISMISSED**.  See Arroyo v. Bank of Am., N.A., Civil Action No. 1:13–CV–01767–RWS, 2013 WL 3785623, at *3 (N.D. Ga. July 18, 2013) (plaintiff failed

---

[8] Sherman's allegations are likewise insufficient to sustain a recovery under any alternative private causes of action available under the RESPA.  See generally [Doc. 16].  See also Broner, 258 F. App'x at 256-57; Johnson v. Scala, No. 05 Civ. 5529(LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007) (explaining that there are only three private causes of action under RESPA and finding that plaintiffs failed to plead any facts to establish a cause of action under RESPA sufficient to withstand dismissal).

to state plausible RESPA claim where he made "only conclusory statements about [the] [d]efendants' failure to adequately respond" to QWR).[9]

### 3. *Wrongful Foreclosure Claim*

Sherman appears to assert a claim for wrongful foreclosure based on her allegations that an entity by the name of "Residential Credit Solutions" ("RCS") mailed her a notice of acceleration in violation of O.C.G.A. §§ 44-14-161 and 162. See [Doc. 16 at 2-3].   RCS is not a party to this suit,[10] however, and in any event, Sherman's claim fails because she has not plausibly alleged facts satisfying any of the essential elements of a wrongful foreclosure claim under Georgia law.  See generally [Doc. 16]; see also Hill v. JP Morgan Chase Bank, Nat'l Ass'n, Civil Action File No. 1:13–CV–1639–TWT, 2014 WL 1232147, at *2 (N.D. Ga. Mar. 24, 2014) (internal marks omitted) (quoting Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012)) (noting that, "[i]n Georgia, a plaintiff asserting a claim of wrongful foreclosure must establish a legal duty owed [her] by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the

---

[9] Additionally, to the extent Sherman relies on any purported RESPA violations in support of her request for a TRO, equitable relief is not available under RESPA as a matter of law.  See Wilson v. Saxon Mortg. Servs., Inc., Civil Action No. 1:08-CV-3630-CAP, at [Doc. 4 at 2 (alteration in original) (quoting Mullinax v. Radian Guar., Inc., 199 F. Supp. 2d 311, 333 (M.D.N.C. 2002)) ("'[A]n injunction is unavailable in RESPA private actions. . . .'")] (N.D. Ga. Dec. 1, 2008).

[10] Sherman has moved for leave to add RCS as a defendant, [Doc. 17], but for the reasons discussed hereinafter, the motion is due to be denied as futile.

injury [she] sustained, and damages"). Nor are Sherman's allegations of wrongful foreclosure sufficient to show that she is entitled to the injunctive relief sought in the amended complaint, see [Doc. 17 at 1-2 (apparently seeking a TRO for "wrongful foreclosure practices")], since "tender [of] the amount owed under the loan" is a prerequisite to equitable relief regarding a pending or past foreclosure sale, see Taylor v. Wachovia Mortg. Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009), adopted at *1 (citations omitted), and Sherman does not allege that she has either tendered the amount due on her mortgage loan or that she is willing to do so, see generally [Doc. 17]; see also Bright v. Nimmo, 756 F.2d 1513, 1517 n.3 (11th Cir. 1985) (citations omitted) ("[B]ecause plaintiff failed to pay or tender the accelerated balance due on the mortgage, plaintiff is not entitled to equitable relief from the foreclosure under Georgia law.").

Finally, Sherman has provided no information suggesting that BoA or, for that matter, any of the non-parties mentioned in the amended complaint, sought a deficiency judgment against her without prior judicial approval of a foreclosure sale, in violation of O.C.G.A. § 44-14-161, or otherwise provided defective notice of foreclosure in violation of O.C.G.A. § 44-14-162. See O.C.G.A. § 44-14-161 ("When any real estate is sold on foreclosure, without legal process, . . . no action may be taken to obtain a deficiency judgment unless the [foreclosing party] shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in

which the land is located for confirmation and approval[.]"); O.C.G.A. § 44-14-162 (regulating the advertisement and execution of foreclosure sales and requiring that notice of foreclosure sale be given in accordance with O.C.G.A. § 44-14.162.2); see also Carr v. U.S. Bank, NA, 534 F. App'x 878, 880-82 (11th Cir. 2013) (per curiam) (unpublished) (citations omitted).  Indeed, Sherman does not even allege that a foreclosure sale ever took place.  See generally [Doc. 16]; see also Green v. Bank of Am. Home Loans, Inc., Civil Action No. 7:13–CV–137 (HL), 2014 WL 1673340, at *2 (M.D. Ga. Apr. 28, 2014) ("The claim for wrongful foreclosure is dismissed with prejudice since [d]efendants have not actually foreclosed on [p]laintiff's house."); Roper v. Parcel of Land, Civ. No. 1:09–cv–0312, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because [d]efendants did not proceed with the foreclosure . . ., [p]laintiff cannot prove a claim for wrongful foreclosure.").  Accordingly, Sherman has failed to state a plausible claim for wrongful foreclosure in conformity with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and her wrongful foreclosure claim is therefore due to be dismissed on the merits.

## 4.  *Violation of Bankruptcy Discharge Injunction*

Sherman further appears to assert that unidentified "defendants" are liable under 11 U.S.C. § 524 for violating a bankruptcy discharge injunction.  See [Doc. 16 at 1-2].  "The effect of a bankruptcy discharge is specified in 11 U.S.C. § 524.  This section, which is designed to protect a debtor only from in personam liability,

specifies in relevant part that a discharge 'operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.'" Pereira v. First N. Am. Nat'l Bank, 223 B.R. 28, 30 (N.D. Ga. 1998) (citation omitted) (quoting 11 U.S.C. § 524(a)(2)). However, "there is no private cause of action which may be brought in [a] District Court for an alleged breach of [a] Bankruptcy Court discharge injunction." Welch v. Target Nat'l Bank, No. 2:08-cv-705-FtM-29SPC, 2009 WL 1659708, at *2 (M.D. Fla. June 15, 2009) (citation omitted) (citing Ryan v. Ohio Edison Co., 611 F.2d 1170, 1176-77 (6th Cir. 1979)); see also Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 509 (9th Cir. 2002) ("[T]here is no private right of action under § 524."); Pereira, 223 B.R. at 30 (citations omitted) (noting that "case law uniformly holds that [§] 524 does not expressly allow for damages, costs, or create a private cause of action in a district court other than the court having jurisdiction of the underlying bankruptcy action"). And while a plaintiff may seek damages for a violation of a discharge injunction in a civil contempt action, see Pereira, 223 B.R. at 30 (citation omitted) (citing In re Hardy, 97 F.3d 1384, 1388-90 (11th Cir. 1996)), only the court that issued the original injunction has jurisdiction to hear the action for civil contempt, see id. at 31 (citations omitted) (citing Klett v. Pim, 965 F.2d 587, 590-91 (8th Cir. 1992)); see also Klett, 965 F.2d at 591 (citation omitted) (court lacked subject

matter jurisdiction to hear civil contempt claim based on violation of discharge injunction under § 524, since "th[e] claim could only be brought in the court that issued the original injunction").

Sherman does not purport to assert a claim for civil contempt in this case, see generally [Doc. 16], but "[e]ven if the Court could strain to construe the [amended] [c]omplaint as a contempt action for violations of [§] 524, the court whose order has been defied must entertain the contempt action," Pereira, 223 B.R. at 31 (citations omitted), and this Court is therefore not the proper forum for the resolution of Sherman's claim, see id. (citations omitted).  Accordingly, to the extent Sherman seeks to bring a claim based on BoA's alleged non-compliance with a bankruptcy discharge injunction, in violation of 11 U.S.C. § 524, see [Doc. 16 at 1-2], any such claim is due to be dismissed.[11]

## C.    Motion for a TRO

The purpose of a TRO or a preliminary injunction is to preserve the status quo until the court issues a decision on the merits of the action.   United States v. DBB,

---

[11] The Court further notes that Sherman's scant allegations pertaining to the alleged discharge injunction are insufficient to give BoA fair notice of what the claim is and the grounds upon which it rests, as Sherman has failed to identify any underlying bankruptcy proceedings at which an injunction was issued, where and when such proceedings occurred, what the terms of the purported injunction were, or how BoA willfully failed to comply with those terms in violation of § 524.  In any event, "[b]ecause the matter can only be resolved in the Bankruptcy Court [that allegedly issued the injunction], the Court need not opine on whether [any] alleged conduct [by BoA] violated the discharge injunction."  See Welch, 2009 WL 1659708, at *2.

Inc., 180 F.3d 1277, 1282 (11th Cir. 1999).  Under Rule 65 of the Federal Rules of Civil Procedure, a party seeking a TRO must establish that: (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if relief is not granted, that is, there is no adequate remedy at law; (3) the threatened injury outweighs any harm that relief would inflict on the non-movant; and (4) the entry of the requested relief would serve the public interest.  Siebert, 506 F.3d at 1049; Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam).  The same factors are considered in deciding whether to grant either a TRO or a preliminary injunction.  Schiavo, 403 F.3d at 1225.

The Eleventh Circuit has held that "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [her] burden of persuasion on each of these prerequisites."  Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (per curiam) (citing Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).  The decision to grant or deny a preliminary injunction "'is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion.'"  Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc., 303 F.3d 1242, 1246 (11th Cir. 2002) (quoting Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002)).  Sherman has failed to show that injunctive relief is warranted in this case, and her request for a preliminary injunction is  therefore due to be denied.

### 1.    *Security Requirement*

As a threshold matter, under Rule 65 of the Federal Rules of Civil Procedure, a court may not issue a preliminary injunction unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). See also Tehan v. Disability Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 548 n.1 (D.N.J. 2000) (citations and internal marks omitted) ("Unlike a [ ] state court, . . . a federal court is required to condition the granting of [a preliminary injunction] upon the giving of security by the applicant."). As Sherman has not offered to tender any amount as security in this case, the Court may not enter a preliminary injunction pursuant to Rule 65. See Hampson v. Am. Mortg. Exch., Inc., 1:10-cv-430-JEC-RGV, at [Doc. 13 at 3] (N.D. Ga. Apr. 2, 2010); Sampson v. Pine State Mortg. Corp., et al., 1:10-cv-241-JEC-RGV, at [Doc. 3 at 6; Doc. 4] (N.D. Ga. Feb. 1, 2010); see also Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs, 297 F.R.D. 633, 636 (N.D. Ala. 2014) ("To deny a [security] bond [under Rule 65(c)] would not only be abusing this court's discretion. It would be flagrantly disregarding a binding rule.").

### 2.    *Other Requirements for a TRO*

Sherman's request for injunctive relief also fails because, as the foregoing discussion of BoA's motion to dismiss demonstrates, she has failed to state a plausible claim upon which relief can be granted. Since Sherman has not adequately

pled any violations of state or federal law, she has not shown that any of her claims are likely to succeed, and injunctive relief is thus unwarranted for the additional reason that Sherman has not shown a likelihood of success on the merits. <u>See Underhill v. Bank of Am.</u>, Civil Action File No. 1:13–CV–2614–TWT, 2014 WL 587868, at *17 (N.D. Ga. Feb. 14, 2014), adopted at *1 ("Because [p]laintiff has failed to state a plausible claim . . . under any of the legal theories presented in the [c]omplaint, she has not established that she is entitled to injunctive relief[.]"). Nor has Sherman alleged facts supporting any of the remaining three elements required for a preliminary injunction. <u>See generally</u> [Doc. 17]; <u>see also</u> <u>Siebert</u>, 506 F.3d at 1049. Sherman has thus failed to "clearly carr[y] [her] burden of persuasion on each of the[] prerequisites" for a preliminary injunction, <u>Suntrust Bank</u>, 252 F.3d at 1166 (citation omitted), and it is hereby **RECOMMENDED** that her motion for a TRO, [Doc. 17], be **DENIED**.

## D.   Motion to Add Defendants

Sherman's amended complaint includes a motion to add RCS and "Bank of America Corporation/dba Bank of America N.A./dba BAC Home Loan Servicing" ("BANA") as defendants to this action. <u>See</u> [<u>id.</u> at 1-2]. Under Rule 21 of the Federal Rules of Civil Procedure, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The standard for deciding a motion for leave to add parties under Rule 21 is the same as the standard under Rule 15(a) for a motion

seeking leave to file an amended complaint. See Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla., 148 F.3d 1231, 1255 (11th Cir. 1998); Sly Magazine, LLC v. Weider Publ'ns L.L.C., 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (citations and internal marks omitted) ("In deciding whether to allow joinder, courts adhere to the same standard . . . afforded to motions to amend under Rule 15."). Rule 15(a) provides "that the Court is to freely give leave [to amend a pleading] when justice so requires." Wilson v. GoWaiter Franchise Holdings, LLC, Civil Case No. 1:13–cv–01054–JEC, 2014 WL 1092307, at *2 (N.D. Ga. Mar. 18, 2014) (alteration in original) (quoting Fed. R. Civ. P. 15(a)).

However, the Court may deny leave to amend for a "substantial reason," such as "undue delay, undue prejudice to the defendants, and futility of the amendment." Id. (citation and internal marks omitted) (citing Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000), abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 (2010)). Indeed, "the law of this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'" Coates v. Natale, Civil Action No. 5:09–cv–423 (CAR), 2010 WL 749630, at *1 (M.D. Ga. Mar. 1, 2010) (quoting Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004)). "Amendments that would not withstand a motion to dismiss are futile," Fareed v. Cobb Cnty. Sch. Dist., Inc., Civil Action No. 1:13–CV–03160–RWS, 2014 WL 2808221, at *1 (N.D. Ga. June

24

20, 2014) (citing <u>Fla. Power & Light Co. v. Allis Chalmers Corp.</u>, 85 F.3d 1514, 1520-21 (11th Cir. 1996)), and a proposed amendment may therefore "be denied for futility 'when the complaint as amended would still be properly dismissed,'" <u>Coventry First, LLC</u>, 605 F.3d at 870 (quoting <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).  <u>See also</u> <u>St. Charles Foods, Inc. v. America's Favorite Chicken Co.</u>, 198 F.3d 815, 822 (11th Cir. 1999) (citations omitted) (leave to amend properly denied for futility where "the complaint, as amended, would necessarily fail.").

Granting Sherman leave to join additional defendants would be futile because, as the foregoing discussion demonstrates, the allegations of Sherman's amended complaint fail to state a plausible claim to relief under any viable legal theory. Accordingly, Sherman's motion to add defendants is hereby **DENIED** as futile.  <u>See</u> <u>Fareed</u>, 2014 WL 2808221, at *2 (plaintiff's motion to add defendant denied as futile where "[p]laintiff [could ]not state a plausible claim for relief against the [proposed defendant]"); <u>SM Energy Co. v. Smackco Operating, LLC</u>, Civil Action No. 13–0594–KD–B, 2014 WL 2215870, at *7 (S.D. Ala. May 29, 2014) (citation omitted) ("[G]ranting leave to amend the complaint to add [an additional] defendant would be futile in that the allegations would be subject to a motion to dismiss."); <u>Degirmenci v. Sapphire-Fort Lauderdale, LLLP</u>, 693 F. Supp. 2d 1325, 1357 (S.D. Fla. 2010) (where proposed amendment "fail[ed] to meet the pleading requirements of

Rule 8 and fail[ed to] state a claim as a matter of law, leave to amend to add the [p]roposed [d]efendants would be futile"); <u>see also</u> <u>G&G TIC, LLC v. Ala. Controls, Inc.</u>, 324 F. App'x 795, 798 (11th Cir. 2009) (per curiam) (unpublished) (affirming denial of leave to amend where "[t]he proposed Second Amended Complaint [did] not cure any of the pleading deficiencies that made dismissal of the Amended Complaint proper").

## III.  CONCLUSION

For the reasons stated, Sherman's motion to add defendants, [Doc. 17], is **DENIED**, and it is hereby **RECOMMENDED** that Sherman's motion for a TRO, [id.], be **DENIED**, and that BoA's motion to dismiss the amended complaint, [Doc. 18], be **GRANTED** and that Sherman's amended complaint, [Doc. 16], be **DISMISSED**.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED** this 16th day of July, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE